Mark C. Choate, AK #8011070
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490
Facsimile: (888) 856-3894
Email: lawyers@choatelawfirm.com

Amanda Harber, AK
49TH STATE LAW
PO Box 661
Soldotna, AK 99669
Telephone: (907)-420-4290
Facsimile: (907)-308-6685
Email: amanda@49thstatelaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| CANDICE GARDNER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NORTH SLOPE BOROUGH SCHOOL DISTRICT,<br><br>　　　　Defendants. | Case No.<br>Judge: |

## **COMPLAINT**

　　Plaintiff, Candice Gardner, by and through undersigned counsel, files this Complaint against Defendant, the North Slope Borough School District, and states as follows:

COMPLAINT
Page 1 of 14

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00268-TMB   Document 1   Filed 10/19/20   Page 1 of 14

## NATURE OF THE ACTION

1. Plaintiff, Candice Gardner ("Ms. Gardner") brings this action for unlawful employment practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), as well as under the Alaska Human Rights Act AS § 18.80.220. Defendant North Slope Borough School District ("the District" or "her Employer" or "Defendant") violated Title VII by discriminating against Ms. Gardner on the basis of race and retaliating against her after she complained about the unlawful employment practices, resulting in her wrongful constructive discharge in violation of public policy, including, *inter alia*, Alaska Human Rights Law, Alaska Statutes § 18.80.220 et seq.

## JURISDICTION AND PARTIES

2. Plaintiff Candice Gardner, an African American, at all relevant times, was a resident of Nuiqsut, within North Slope Borough, Alaska.

3. Defendant is a governmental entity who employed Ms. Gardner.

4. The events out of which this controversy arose occurred in Nuiqsut, within North Slope Borough, Alaska.

5. This Court has original jurisdiction over this matter pursuant to 42 U.S.C. § 2000e-5(f)(3); and has supplemental jurisdiction over the state law claims pursuant to 28 USC § 1367.

## VENUE

6. The claims asserted in this action arose in this district, and the alleged discrimination and damages arose in this district. Venue of this action is proper pursuant to 28 U.S.C. § 1391.

COMPLAINT
Page 2 of 14

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00268-TMB   Document 1   Filed 10/19/20   Page 2 of 14

## JURISDICTIONAL PREREQUISITES

7. Ms. Gardner has exhausted her administrative remedies. After submitting an inquiry to the U.S. Equal Employment Opportunity Commission ("EEOC") on November 6, 2017, she timely filed an administrative charge of discrimination against Defendant on or about November 18, 2017 (Charge No. 38A-2018-00025).

8. Pursuant to a work-sharing agreement with the Alaska State Commission for Human Rights ("ASCHR"), the charge was transmitted to ASCHR for investigation on November 27, 2017 (Charge No. J-17-225).

9. ASCHR investigated the charge of discrimination. On April 24, 2020, ASCHR issued a Letter of Determination finding substantial evidence of discrimination and constructive discharge.

10. Though the parties engaged in communications in an attempt to remedy the discriminatory practices described in the Letter of Determination, conciliation efforts failed. ASCHR issued notice of such failure on July10, 2020. On October 16, 2020, the EEOC issued a "Notice of Right to Sue *(Issued on Request)*".

## COMMON ALLEGATIONS

11. At the onset of the 2017-2018 school year, Ms. Gardner began working as a secondary math teacher for the District's Nuiqsut Trapper School (the "School").

12. At this time, Ms. Gardner was Nuiqsut's only African American resident -- she was thus the only member of the School community (students and faculty) who was African American.

13. Ms. Gardner applied herself at her job and took on voluntary extracurricular activities as well, such as filling the District's vacant bus driver position.

COMPLAINT
Page 3 of 14

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00268-TMB   Document 1   Filed 10/19/20   Page 3 of 14

14. Ms. Gardner met all of the District's performance expectations during the course of her employment.

15. Immediately upon commencing her employment however, racially offensive incidents targeting African Americans began at the School.

16. There had been no such incidents at the School previously.

17. Initially, graffiti using a racial slur ("nigger") was found on several occasions within and without the School building.

18. In response to a police investigation of a separate incident described below, the School principal was asked whether the proliferation of racist graffiti was racially motivated, to which she replied: "Just a little bit," and "It was done in a real cute little font."

19. Throughout September and October, students frequently used this same racial slur within the classroom setting.

20. Within Ms. Gardner's own classroom, at least one student repeatedly and aggressively referred to Ms. Gardner as a "nigger bitch" and directed to her to "get [her] black ugly ass out of our village."

21. When Ms. Gardner sent this student to the School's principal for disciplinary action stemming from these incidents, the principal would only urge the student to apologize, which he refused to do.

22. Without the imposition of disciplinary action for this behavior, the student's racist, abusive conduct toward Ms. Gardner continued unabated.

23. When non-African American teachers sent students to the School's principal for disciplinary action for the use of the same racial slur, the principal employed progressive discipline up to and including out of school suspension.

COMPLAINT
Page 4 of 14

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00268-TMB   Document 1   Filed 10/19/20   Page 4 of 14

24. Eventually, Ms. Gardner was forced to submit a written request to the School's principal that this particular abusive student be removed from her classroom permanently because the principal refused to stop the racist, aggressive behaviors.

25. The student was never removed or suspended.

26. On September 25, 2017, while Ms. Gardner was outside of Nuiqsut for bereavement leave, a student demonstrated placing a noose around the head of another student and stated, "this is for Ms. Gardner."

27. On September 27, 2017, while still outside of Nuiqsut for bereavement leave, Ms. Gardner was informed of the incident with the noose.

28. The reported incident left Ms. Gardner distraught and, while still on bereavement leave, she made efforts to follow up on what, if any actions, the School was taking in response to the incident.

29. The School's principal conducted an investigation of the incident, but, despite a finding that a rope was demonstrated being put over a student's head and the comment was made, the District superintendent and the School's principal dismissed the image of the noose altogether, refused to call the rope a noose at all, and dismissed as "irresponsible" anyone who did refer to the rope as a noose, thereby completely negating Ms. Gardner's experience and the historical trauma such images invoked in her.

30. Ultimately, the District superintendent and the School's principal took no action on behalf of Ms. Gardner who openly expressed her fear and belief that her personal safety was at risk.

COMPLAINT
Page 5 of 14

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00268-TMB   Document 1   Filed 10/19/20   Page 5 of 14

31. A police investigation was conducted of the incident, which revealed that the District never even contacted the student's guardians about the incident or personally spoke to the student about how Ms. Gardner was impacted by the incident.

32. Subsequent to her return from bereavement leave, Ms. Gardner sent an email to both the School principal and the District superintendent stating that she did not feel safe in the village and requested an escort or a ride to and from the bus garage so that she could continue her bus driver duties.

33. Neither the principal nor the superintendent ever replied to Ms. Gardner's concern and request.

34. Thereafter, Ms. Gardner was unfairly removed from her bus driving duties due to personal safety concerns that the District failed to address.

35. Ms. Gardner attempted to work through the issues with the District, initially requesting a transfer out of the village.

36. The District's superintendent initially agreed to the transfer, but indefinitely delayed any such action, stating that "these things take time."

37. On November 6, 2017, Ms. Gardner initiated proceedings with the EEOC, filing an inquiry.

38. On November 18, 2017, a formal charge was filed with the EEOC.

39. The charge was transmitted to ASCHR for investigation on November 27, 2017.

40. The investigation was not completed until the Letter of Determination was issued on April 24, 2020.

41. When Ms. Gardner left Nuiqsut for holiday break in December 2017, the District still had not moved on her transfer request.

COMPLAINT
Page 6 of 14

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00268-TMB   Document 1   Filed 10/19/20   Page 6 of 14

42. At this time, Ms. Gardner felt the environment was so intolerable that she could not return to work until a resolution could be reached.

43. Accordingly, Ms. Gardner demanded either a transfer or to be released from her contract without penalty, both of which the District either resisted or refused to do.

44. From Texas, Ms. Gardner continued negotiating a solution through the District's grievance system and union, but the District failed to resolve the problem.

45. The District was capable of transferring Ms. Gardner within a shorter time frame.

46. Moreover, the District can and does allow teachers to be released from their contracts without penalty for sympathetic issues, such as teachers who are unable to acclimate to the rural Alaska lifestyle, and the District could have treated Ms. Gardner in the same manner but chose not to.

47. In fact, after Ms. Gardner filed an internal grievance with the District alleging hate crimes and an unsafe working environment, the District ceased all discussion of Ms. Gardner's transfer and refused to negotiate her contract in good faith and without penalty unless she stopped complaining about discrimination.

48. The ASCHR concluded that Ms. Gardner's "allegations of discrimination based on race, retaliation for complaining about discrimination, and constructive discharge found in the course of investigation, are supported by substantial evidence."

49. The ASCHR recommended a settlement for back and future pay, but the District rejected the resolution.

50. By the time that the ASCHR completed its investigation, Ms. Gardner's certification for teaching in Alaska was lapsed and she never returned to employment with the District.

COMPLAINT
Page 7 of 14

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00268-TMB   Document 1   Filed 10/19/20   Page 7 of 14

# FIRST CAUSE OF ACTION

## Unlawful Discrimination in Violation of Title VII of the Civil Rights Act of 1964

51. Ms. Gardner hereby realleges and incorporates all allegations set forth above.

52. Defendant's conduct as herein alleged violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a), which makes it unlawful for an employer to discriminate with respect to compensation, terms, conditions, or privileges of employment because of race.

53. Defendant has intentionally discriminated against Ms. Gardner on the account of her race, in violation of Title VII of the Civil Rights Act of 1964, by denying her equal terms, conditions and privileges of employment.

54. Specifically,

   a. Defendant failed to and/or refused to take appropriate action to stop racist, aggressive, abusive and/or threatening conduct of students towards Ms. Gardner.

   b. When similar conduct was witnessed and referred for discipline by faculty of other races, forceful action was taken to stem the behavior.

   c. Defendant rejected, ignored and/or denied Ms. Gardner's request for a transfer from the District or to be released from her contract without penalty, despite having the ability and the track record of doing so for teachers facing sympathetic issues not relating to race.

55. Defendant's unlawful actions and failures to act eventually resulted in Ms. Gardner's wrongful constructive discharge.

56. As a direct and proximate result of Defendant's acts, Ms. Gardner suffered and continues to suffer damages in amounts to be proven at trial, including constructive discharge, lost wages, embarrassment, mental distress, ordeal, humiliation and emotional distress.

COMPLAINT
Page 8 of 14

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00268-TMB   Document 1   Filed 10/19/20   Page 8 of 14

57. Defendant's conduct was willful, wanton and in reckless disregard of Ms. Gardner's employment rights, and therefore, she is entitled to recover punitive damages in an amount to be determined before trial.

58. Ms. Gardner is also entitled to recover her reasonable attorney's fees, expert witness expenses, and litigation costs pursuant to 42 U.S.C. Section 2000e *et seq*.

## SECOND CAUSE OF ACTION

### Unlawful Retaliation in Violation of Title VII of the Civil Rights Act of 1964

59. Ms. Gardner hereby realleges and incorporates all allegations set forth above.

60. Defendant's conduct as herein alleged violated Section 704(a) of Title VII, 42 U.S.C. 2000e-2(a), which makes it unlawful for an employer to retaliate against an employee for engaging in protected activity.

61. Ms. Gardner engaged in "protected activity" within the meaning of Title VII by opposing and complaining about racial discrimination.

62. Defendant has violated Title VII as described herein by, including but not limited to, removing Ms. Gardner from her bus driving duties and refusing any further discussion of a transfer or negotiation of release from her contract without penalty unless she stopped complaining about discrimination.

63. Defendant's unlawful actions and failures to act eventually resulted in Ms. Gardner's wrongful constructive discharge.

64. As a direct and proximate result of Defendant's actions, Ms. Gardner suffered and continues to suffer damages in amounts to be proven at trial, including constructive discharge, lost wages, embarrassment, mental distress, ordeal, humiliation and emotional distress.

COMPLAINT
Page 9 of 14

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00268-TMB   Document 1   Filed 10/19/20   Page 9 of 14

65. Defendant's conduct was willful, wanton and in reckless disregard of Ms. Gardner's employment rights, and therefore, she is entitled to recover punitive damages in an amount to be determined before trial.

66. Ms. Gardner is also entitled to recover her reasonable attorney's fees, expert witness expenses, and litigation costs pursuant to 42 U.S.C. Section 2000e *et seq*.

### THIRD CAUSE OF ACTION

### Wrongful Discharge in Violation of Public Policy

67. Ms. Gardner hereby realleges and incorporates all allegations set forth above.

68. Defendant's unlawful conduct alleged herein violates the explicit public policy of the State of Alaska, including Alaska Stat. § 18.80.220, which prohibits discrimination based on race and prohibits retaliation against employees for engaging in protected activity, such as opposing unlawful employment practices.

69. As a result of Defendant's unlawful conduct alleged herein, Ms. Gardner was forced to involuntarily resign from employment and constructively discharged on or about January 8, 2018.

70. Defendant's wrongful constructive discharge of Ms. Gardner requires it provide her with restitution of all rights, privileges, benefits, and income, in amounts to be more specifically proven at trial.

71. Defendant's conduct renders it liable for punitive and exemplary damages, in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

### Wrongful Discharge in Violation of Covenant of Good Faith and Fair Dealing

72. Ms. Gardner hereby realleges and incorporates all allegations set forth above.

COMPLAINT
Page 10 of 14

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00268-TMB   Document 1   Filed 10/19/20   Page 10 of 14

73. Every employment contract in Alaska is subject to the implied covenant of good faith and fair dealing.

74. The implied covenant of good faith and fair dealing has two components, a subjective component and an objective component. If an employer breaches either component, the employer breaches the implied covenant.

75. An employer breaches the subjective component of the implied covenant of good faith and fair dealing when it terminates an employee's employment and the termination decision is motivated by an improper or impermissible objective.

76. An employer breaches the objective component of the covenant of good faith and fair dealing if it treats an employee in a manner that a reasonable person would regard as unfair.

77. Under either component an employer cannot legally terminate an employee on the basis of race or in retaliation for complaining about racial discrimination.

78. Defendant has intentionally discriminated against Ms. Gardner on the account of her race, in violation of the implied covenant of good faith and fair dealing, as follows.

   a. Defendant failed to and/or refused to take appropriate action to stop racist, aggressive, abusive and/or threatening conduct of students towards Ms. Gardner.

   b. When similar conduct was witnessed and referred for discipline by faculty of other races, forceful action was taken to stem the behavior.

   c. Defendant rejected, ignored and/or denied Ms. Gardner's request for a transfer from the District or to be released from her contract without penalty, despite having the ability and the track record of doing so for teachers facing sympathetic issues not relating to race.

COMPLAINT
Page 11 of 14

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00268-TMB   Document 1   Filed 10/19/20   Page 11 of 14

79. Defendant's unlawful actions and failures to act eventually resulted in Ms. Gardner's wrongful constructive discharge.

80. Defendant's wrongful constructive discharge of Ms. Gardner requires it provide her with restitution of all rights, privileges, benefits, and income, in amounts to be more specifically proven at trial.

81. Defendant's conduct renders it liable for punitive and exemplary damages, in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

82. Ms. Gardner hereby realleges and incorporates all allegations set forth above.

83. Through its actions and conduct, Defendant breached duties owed to Ms. Gardner, and negligently caused her to suffer foreseeable emotional distress, humiliation, anxiety, emotional injury, and mental suffering.

84. Specifically, the District was duty-bound to take appropriate action to stop racist, aggressive, abusive and/or threatening conduct of students towards Ms. Gardner.

85. The District failed to do so, and, in fact, punished Ms. Gardner for complaining about the racial discrimination that she faced.

86. Ms. Gardner has suffered and will continue to suffer mental anguish and pain, depression, humiliation, anxiety, and emotional injury as a result of the District's actions and inactions.

87. As a direct and proximate result of Defendant's actions, Ms. Gardner suffered and continues to suffer damages in amounts to be proven at trial, including embarrassment, mental distress, ordeal, humiliation and emotional distress.

COMPLAINT
Page 12 of 14

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00268-TMB   Document 1   Filed 10/19/20   Page 12 of 14

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff Candice Gardner requests this Court:

A. Enter a declaratory judgment that Defendant's practices described in this Complaint are and were unlawful and violate Title VII and Alaska Stat. § 18.80.220, et seq;

B. Order Defendant to make whole Plaintiff Candice Gardner by providing appropriate back pay - including all wages, bonuses, salaries, employment benefits, and other compensation denied to Plaintiff Candice Gardner by reason of Defendant's unlawful actions and practices - with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above;

C. Order Defendant to make whole Plaintiff Candice Gardner by providing appropriate front pay, in amounts to be determined at trial, to eradicate the effects of the unlawful employment practices described above;

D. Order Defendant to make whole Plaintiff Candice Gardner by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including without limitation, past and future out-of-pocket expenses, in amounts to be determined at trial;

E. Order Defendant to pay Plaintiff Candice Gardner compensatory damages for past and future non-pecuniary losses resulting from the unlawful practices complained of herein, including without limitation, her emotional pain, suffering, and loss of enjoyment of life, in amounts to be determined at trial.;

F. Order Defendant to pay Plaintiff Candice Gardner attorneys' fees and costs of suit in the action; and

COMPLAINT
Page 13 of 14

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00268-TMB   Document 1   Filed 10/19/20   Page 13 of 14

G. Grant such further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff Candice Gardner requests a jury trial on all questions of fact raised by this Complaint.

Dated: October 16, 2020

By: <u>*/s/ Mark Choate*</u>
Mark C. Choate, AK #8011070
Attorney for Plaintiff

COMPLAINT
Page 14 of 14

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00268-TMB   Document 1   Filed 10/19/20   Page 14 of 14